IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | CASE NO: 7:23-CR-65 WLS-TQL-04 |
| : | |
| **CALVIN JAMES SMITH, JR.,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

**ORDER**

Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Wednesday, September 13, 2023, at 3:00 p.m. and for trial on Monday, October 9, 2023 (Doc. 248). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) The Defendant, Calvin James Smith, Jr., filed a timely Unopposed Motion to Continue Trial in the Interests of Justice (Doc. 266) ("Motion"). Defendant's first appearance occurred on August 17, 2023. Defense Counsel has not yet received discovery, and the Government has a pending Motion for Protective Order. Defense Counsel understands from discussions with Government's Counsel that the Government anticipates filing a Motion to Declare Case Complex due to anticipated voluminous discovery "with approximately five thousand intercepted calls, not including video surveillance, undercover buys, investigative reports, etc., covering the period from October 2021 until November 2022. It is anticipated that the discovery may require a five to ten terabyte external drive. (*Id.* at 2.) Defense Counsel states that depending on how the discovery is formatted, he may file a motion for bill of particulars for the Government to identify discovery pertaining to Defense Counsel's client.

Defense Counsel requests a continuance to allow him time to receive and review discovery, meet with his client, and determine whether to file any pretrial motions. Defense Counsel represents that he conferred with Government's Counsel, who does not oppose the Motion. He further states that the ends of justice require the continuance and requests that the period of continuance be excluded from under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that a continuance is required for Defense Counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 266) is **GRANTED**. The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division February 2024 term and its conclusion, or as may otherwise be ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The September 13, 2023 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 28th day of August 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**